In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00220-CR**
_____

**JOSHUA JERROD THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. 11-12337**

---

**MEMORANDUM OPINION**

A jury convicted Joshua Jerrod Thomas (Thomas) of murder, a first degree felony. *See* Tex. Penal Code Ann. § 19.02(b)(1) (West 2011). The jury assessed punishment at sixty years in the Texas Department of Criminal Justice, Institutional Division. Thomas timely filed a notice of appeal.

Thomas's appellate counsel filed an *Anders* brief that presents counsel's professional evaluation of the record and concludes the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex.

Crim. App. 1978). On April 7, 2015, we granted an extension of time for Thomas to file a *pro se* brief. Thomas filed a *pro se* brief in response, which raised a number of issues for appeal.

The Texas Court of Criminal Appeals has held that we need not address the merits of issues raised in *Anders* briefs or *pro se* responses. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Rather, we may determine that (1) "the appeal is wholly frivolous and issue an opinion explaining that [the appellate court] has reviewed the record and finds no reversible error" or that (2) "arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Id.* (citations omitted).

We have independently reviewed the entire appellate record in this matter, as well as all briefs, and we agree with counsel's conclusion that no arguable issues support an appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

---

[1] Thomas may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.

Submitted on April 9, 2015
Opinion Delivered September 9, 2015
Do Not Publish

Before McKeithen, C.J., Kreger, and Johnson, JJ.